UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. DEMAREST, | No. 2:16-cv-2271-GEB-KJN (PS) |
| Plaintiff, | |
| v. | ORDER |
| THE CITY OF VALLEJO CALIFORNIA, et al., | |
| Defendants. | |

On November 28, 2016, defendants filed a motion to dismiss plaintiff's complaint.[1] (ECF No. 6.) Defendants noticed this motion for a hearing to take place before the undersigned on January 5, 2017. (Id.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, or December 22, 2016. See E.D. Cal. L.R. 230(c).[2] The

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that

1

1  court's docket reveals that plaintiff, who is proceeding without counsel, failed to file a written

2  opposition or statement of non-opposition with respect to defendants' motion.

3      Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

4  with these Rules or with any order of the Court may be grounds for imposition by the Court of

5  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

6  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

11  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12  same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

13  accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

14  case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

15  or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

16  court's local rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

17  court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

18  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

19  an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

20  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

21  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

22  proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

---

> effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Nevertheless, in light of plaintiff's pro se status and the court's desire to resolve defendants' motion on the merits, the court finds it appropriate to continue the hearing on the motion and provide plaintiff with one final opportunity to file either an opposition or statement of non-opposition to the motion. Plaintiff is cautioned that a further failure to meet the extended deadline to file an opposition to defendants' motion will be considered as plaintiff's non-opposition to and grounds for granting defendants' motion to dismiss. Plaintiff is further cautioned that a failure to comply with this order may result in the imposition of appropriate sanctions, including, but not limited to, monetary sanctions and/or the possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss (ECF No. 6), which is presently set for January 5, 2017, is CONTINUED until February 16, 2017, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

2. Plaintiff shall file a written opposition to defendants' motion, or statement of non-opposition thereto, on or before February 2, 2017. Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including monetary sanctions and/or a possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants may file a written reply to plaintiff's opposition, if any, on or before February 9, 2017.

////

////

1  IT IS SO ORDERED.

2  Dated:  December 27, 2016

3

4  KJN/amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE