1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID P. DEMAREST,                          No. 2:16-cv-2271-GEB-KJN PS

12                   Plaintiff,

13         v.                                    ORDER AND

14   THE CITY OF VALLEJO CALIFORNIA,             FINDINGS AND RECOMMENDATIONS
     et al.,
15
                     Defendants.
16

17

18         Presently before the court is defendants The City of Vallejo California's ("City of

19   Vallejo"), Officer Jodi Brown's ("Officer Brown"), Officer Jeff Tai's ("Officer Tai"), Officer

20   Herman Robinson's ("Officer Robinson"), Former Police Chief Joseph Kreins's ("Chief Kreins"),

21   and Police Chief Andrew Bidou's ("Chief Bidou") (collectively "defendants") motion to dismiss

22   plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).   (ECF No. 6.)

23   Plaintiff filed an opposition to the motion, and defendants filed a reply.  (ECF Nos. 8, 10.)  Also

24   before the court is plaintiff's motion for leave to file electronically.  (ECF No. 4.)  The court

25   heard this matter on its February 16, 2017 law and motion calendar.  Plaintiff David Demarest

26   appeared on his own behalf.  Attorney Kelly Trujillo appeared on behalf of defendants.

27   ////

28   ////

                                                    1

The undersigned has fully considered the parties' briefs, the parties' oral arguments, and appropriate portions of the record.  For the reasons that follow, the court grants defendants' motion to dismiss to the extent discussed below, and recommends that plaintiff's claims against defendants Joseph Kreins and Andrew Bidou be dismissed from this action without leave to amend.

I.    Relevant Allegations of the Complaint

Plaintiff alleges in his complaint that he was stopped at a "DUI/Driver's License Checkpoint" by Officer Brown while driving in Vallejo, California on September 26, 2014.  (ECF No. 1 at 3, 5.)  Plaintiff alleges further that during this stop, Officer Brown asked plaintiff to provide his driver's license, and "plaintiff politely requested to continue on his way without unnecessary delay unless there was probable cause to believe he committed a traffic violation or crime" and "verbally confirmed to [Officer Brown] that he possessed a valid driver's license." (Id.)  Plaintiff alleges that Officer Brown then detained him without "articulat[ing] any probable cause, reasonable suspicion, or even a vague possibility that Plaintiff had committed any traffic violation or crime of any kind."  (Id.)  Plaintiff alleges further that Officer Brown made this initial arrest based on an erroneous charge that plaintiff violated California Vehicle Code § 40302(a), without first articulating an underlying violation or suspicion of a violation that could support such a charge.  (Id.)

Plaintiff alleges that during the arrest, Officer Brown pulled plaintiff from his vehicle in a manner that "caused extensive pain to a pre-existing back injury" and "put handcuffs on [plaintiff] tighter than necessary."  (Id. at 4.)  Plaintiff alleges further that there were two other unidentified City of Vallejo police officers present at the scene of his arrest who pointed taser guns at plaintiff while verbally antagonizing him.  (Id.)  Plaintiff alleges further that Officer Brown falsely claimed in her police report that she had engaged in a struggle with plaintiff during the arrest and sustained a small abrasion to her right finger during that encounter.  (Id.)  Plaintiff also alleges that Officer Brown threatened to charge plaintiff with assaulting a police officer even though he had already been handcuffed and was in the back of a police car, and had been physically compliant during the entire encounter.  (Id.)  Plaintiff alleges further that while the

1   officers and their vehicles at the scene of his arrest had cameras and other recording equipment,

2   no video or audio evidence was given to plaintiff's criminal defense counsel after a discovery

3   request for such evidence was made.  (Id.)

4        Plaintiff alleges that after his arrest, he was taken to jail and held for roughly 22 hours

5   before he could post bail in an unidentified amount that he characterizes as having been

6   "excessive."  (Id. at 4, 6.)  Plaintiff alleges that while he was at the jail, Officer Robinson "briefly

7   spoke with [plaintiff] in a mocking manner" after plaintiff stated that he "was simply exercising

8   his 4th amendment rights and did nothing wrong."  (Id. at 5.)  Plaintiff also alleges that Officer

9   Robinson engaged in a "complete dereliction of [his] duty to supervise officers at the

10  [DUI/Driver's License Checkpoint]."  (Id.)  Plaintiff alleges further that Officer Brown

11  improperly charged him under California Penal Code § 21310 for carrying a "dirk or dagger"

12  when she discovered a 3-inch "general utility knife" in plaintiff's possession after he had already

13  been brought to the jail.  (Id.)  Plaintiff alleges that he was never arraigned on the arresting charge

14  under California Vehicle Code § 40302(a), and that all criminal charges against him were

15  eventually dismissed.  (Id. at 4.)

16       With regard to Officer Tai, plaintiff alleges only that that defendant was "fully aware

17  Plaintiff possessed a valid Vermont Driver's License with no warrants and had no legal cause to

18  further detain and/or arrest plaintiff when the decision was made to bring Plaintiff back to the

19  station on unfounded charges."  (Id. at 6.)

20       With regard to the City of Vallejo, Chief Kreins, and Chief Badou, plaintiff alleges that

21  the City, acting through Chief Kreins, who was the City's Chief of Police at the time of plaintiff's

22  arrest, and Chief Badou, who is Chief Kreins successor in that position, promulgated a number of

23  policies and customs that led to the failure of the City's police officers to properly investigate

24  crimes, resulted in the deprivation of citizens' constitutional rights, and amounted to a failure on

25  the City's part to properly train and discipline its police officers.  (Id. at 7.)  Plaintiff also alleges

26  that the City of Vallejo continued to withhold his personal property seized during his arrest after

27  he had been released from custody, all charges against him had been dismissed, and a court order

28  had been issued directing the City to return that property to him.  (Id. at 4.)

1    Based on the above allegations, plaintiff asserts claims against all defendants under 42

2    U.S.C. § 1983 for violations of his Fourth, Eighth, and Fourteenth Amendment rights.  (Id. at 8.)

3    Plaintiff asserts his claims against Officer Brown, Officer Tai, and Officer Robinson in both their

4    official and individual capacities.  (Id. at 2.)  Plaintiff asserts his claims against Chief Kreins and

5    Chief Bidou in their official capacities only.  (Id.)  Plaintiff asserts his claims against the City of

6    Vallejo pursuant to Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978), based on

7    policies and customs allegedly promulgated by that municipality.  (Id. at 8.)

8    II.    Legal Standards

9    A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

10   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

11   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

12   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

13   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

14   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

15   a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

16   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

17   Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

18   factual content that allows the court to draw the reasonable inference that the defendant is liable

19   for the misconduct alleged."  Id.

20   In considering a motion to dismiss for failure to state a claim, the court accepts all of the

21   facts alleged in the complaint as true and construes them in the light most favorable to the

22   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

23   however, required to accept as true conclusory allegations that are contradicted by documents

24   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

25   conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

26   1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

27   prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

28   to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

4

1   <u>Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>accord</u> <u>Balistreri v. Pacifica Police</u>

2   <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

3   particularly where civil rights claims are involved"); <u>see also</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342

4   & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

5   evaluating them under the standard announced in <u>Iqbal</u>).

6         In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

7   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

8   matters properly subject to judicial notice." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506

9   F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

10  consider a memorandum in opposition to a defendant's motion to dismiss to determine the

11  propriety of a Rule 12(b)(6) motion, <u>see</u> <u>Schneider v. Cal. Dep't of Corrections</u>, 151 F.3d 1194,

12  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

13  whether to grant leave to amend, <u>see, e.g.</u>, <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir.

14  2003).

15  III.   <u>Discussion</u>

16         A.   <u>Fourth Amendment Claim Against Officer Brown</u>

17         As an initial matter, the court notes that while defendants appear to argue that all of

18  plaintiff's claims against all defendants should be dismissed, they fail to provide a specific

19  argument with regard to plaintiff's Fourth Amendment claim asserted against Officer Brown.  In

20  the very least, the allegations of the complaint as they are currently constructed show that Officer

21  Brown arrested plaintiff in a manner that gives rise to a potentially cognizable Fourth

22  Amendment claim under 42 U.S.C. § 1983.  In particular, the court finds that plaintiff's current

23  allegations support a Fourth Amendment claim against Officer Brown based on theories of

24  alleged wrongful arrest and alleged excessive use of force.  Therefore, defendants' motion to

25  dismiss is denied to the extent it seeks to dismiss plaintiff's Fourth Amendment claim against

26  Officer Brown.

27         B.   <u>Claims Against Chief Kreins and Chief Bidou</u>

28         Plaintiff asserts all of his claims against Chief Kreins exclusively in his official capacity

1   as the former Chief of Police of the Vallejo Police Department.  (ECF No. 1 at 2.)  Similarly,

2   plaintiff asserts all of his claims against Chief Bidou exclusively in his official capacity as the

3   current Chief of Police for the Vallejo Police Department.  (Id.)  "Section 1983 claims against

4   government officials in their official capacities are really suits against the governmental employer

5   because the employer must pay any damages awarded."  Butler v. Elle, 281 F.3d 1014, 1023 n.8

6   (9th Cir. 2002).  "'For this reason, when both an officer and the local government entity are

7   named in a lawsuit and the officer is named in official capacity only, the officer is a redundant

8   defendant and may be dismissed.'"  Fontana v. Alpine Cty., 750 F. Supp. 2d 1148, 1154 (E.D.

9   Cal. 2010) (quoting Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997)).  Here, plaintiff has

10  named both Chief Kreins and Chief Bidou acting solely in their official capacities as either the

11  former or current Chief of Police of the Vallejo Police Department, a sub-department of the City

12  of Vallejo.  Accordingly, the inclusion of both Chief Kreins and Chief Bidou as defendants to this

13  action is redundant and the court recommends that both of these defendants be dismissed from

14  this action without leave to amend.[1]

15         C.     Claims Against Officer Tai

16       With regard to Officer Tai, plaintiff alleges only that he was an officer with the Vallejo

17  Police Department when Officer Brown arrested plaintiff and was "fully aware Plaintiff

18  possessed a valid Vermont Driver's License with no warrants and had no legal cause to further

19  detain and/or arrest plaintiff when the decision was made to bring Plaintiff back to the station on

20  unfounded charges."  (ECF No. 1 at 6.)  The complaint provides no factual allegations showing

21  that Officer Tai was involved in plaintiff's arrest by Officer Brown, or otherwise engaged in any

22  actions that violated plaintiff's Fourth, Eighth, or Fourteenth Amendment rights.  Accordingly,

23

---

24  [1] The court also notes that pursuant to Federal Rule of Civil Procedure 25(d), an "officer's
25  successor is automatically substituted as a party" when that officer is named as a party in his or
     her official capacity and "ceases to hold office while the action is pending."  Because plaintiff
26  alleges that Chief Kreins "was the Chief of Police for Vallejo" at the time the events alleged in
     the complaint transpired, and that Chief Bidou succeeded Chief Kreins in that office on October
27  4, 2014 and continues to serve in that official role, Chief Kreins should be dismissed from this
     action for the additional reason that his inclusion as a defendant to this action is redundant in light
28  of plaintiff's naming Chief Bidou as a defendant in his official capacity.  (ECF No. 1 at 2.)

1    plaintiff's claims against Officer Tai must be dismissed.  See Iqbal, 556 U.S. at 678.  However,

2    these claims are dismissed with leave to amend because the allegations in the complaint suggest

3    that plaintiff may be able to state a plausible claim against Officer Tai after an opportunity to

4    amend his complaint to provide further factual allegations.

5            D.      Claims Against Officer Robinson

6            With regard to Officer Robinson, plaintiff alleges that he was a police officer with the

7    City of Vallejo at the time of plaintiff's arrest, briefly spoke to plaintiff at the jail "in a mocking

8    manner" when plaintiff pointed out that he was exercising his Fourth Amendment rights, and

9    "created a complete dereliction of duty to supervise officers" at the DUI/Driver's License

10   Checkpoint at which plaintiff had been stopped and arrested.  (ECF No. 1 at 2, 5.)  These

11   allegations are insufficient to sustain a cognizable constitutional claim against Officer Robinson

12   under 42 U.S.C. § 1983.

13           First, plaintiff's allegation that Officer Robinson briefly spoke to plaintiff in a mocking

14   manner while he was in custody at the jail, standing alone, is insufficient to support a claim that

15   that defendant violated plaintiff's Fourth, Eighth, or Fourteenth Amendment rights in any manner.

16   Similarly, plaintiff's allegation that Officer Robinson failed to supervise the officers at the DUI

17   checkpoint is also insufficient to sustain plaintiff's constitutional claims against that defendant.

18   "Government officials may not be held liable for the unconstitutional conduct of their

19   subordinates under a theory of respondeat superior."  Schwartz v. Lassen Cty. ex rel. Lassen Cty.

20   Jail (Det. Facility), 838 F. Supp. 2d 1045, 1055 (E.D. Cal. 2012) (citing Iqbal, 129 S. Ct. at 1948).

21   "Rather, each government official may only be held liable for his own misconduct."  Id.

22   However, "government officials acting as supervisors may be liable under § 1983 under certain

23   circumstances.  A defendant may be held liable as a supervisor under § 1983 if there exists either

24   (1) his or her personal involvement in the Constitutional deprivation, or (2) a sufficient causal

25   connection between the supervisor's wrongful conduct and the Constitutional violation."  Id.

26   (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  Here, the allegations in no way

27   show that Officer Robinson was a supervisor of the officers at the DUI/Driver's License

28   Checkpoint.  Moreover, the alleged facts in no way suggest that Officer Robinson was involved in

7

1   plaintiff's allegedly wrongful arrest, or that there was a causal connection between that alleged

2   event and Officer Robinson's purported conduct.  Accordingly, plaintiff's claims against Officer

3   Robinson are dismissed.  However, they are dismissed with leave to amend as it may be possible

4   for plaintiff to provide further factual details that could give rise to a cognizable claim against this

5   defendant in an amended complaint.

6          E.      Claims Against the City of Vallejo

7          Because there is no respondeat superior liability under 42 U.S.C. § 1983, counties and

8   municipalities may be sued under § 1983 only upon a showing that an official policy or custom

9   caused the constitutional tort.  Monell v. New York City Dep't of Social Services, 436 U.S. 658,

10  691-94 (1978).  Stated differently, "[i]t is only when the execution of the government's policy or

11  custom . . . inflicts the injury that the municipality may be held liable under § 1983."  City of

12  Canton v. Harris, 489 U.S. 378, 385 (1989).  "[A] municipality can be liable under § 1983 only

13  where its policies are the moving force behind the constitutional violation."  Id. at 389.  "[L]ocal

14  governments, like any other § 1983 'person,'. . . may be sued for constitutional deprivations

15  visited pursuant to governmental 'custom' even though such a custom has not received formal

16  approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-91.

17         A local governmental entity may "be liable if it had a policy or custom of failing to train

18  its employees and that failure to train caused the constitutional violation.  In particular . . . the

19  inadequate training of police officers could be characterized as the cause of the constitutional tort

20  if – and only if – the failure to train amounted to 'deliberate indifference' to the rights of persons

21  with whom the police come into contact."  Collins v. City of Harker Heights, 503 U.S. 115, 123-

22  24 (1992).  However, in order for liability to attach to a municipality under a failure to train

23  theory "the identified deficiency in a city's training program must be closely related to the

24  ultimate injury."  Harris, 489 U.S. at 391.

25         In his complaint, plaintiff lists a number of alleged policies or customs promulgated by the

26  City of Vallejo, which appear to form the basis of his constitutional claims against that defendant.

27  (ECF No. 1 at 7.)  In particular, plaintiff alleges that the City of Vallejo, acting through its Chief

28  of Police, has an "ongoing history of employing law enforcement officers with disciplinary

problems and mental health issues which [*sic*] are vastly predisposed to violating individual civil liberties and using excessive force" and does not properly discipline its officers who have committed violations of individuals' constitutional rights.  (Id. at 4-5, 7.)  Plaintiff alleges further that the City of Vallejo also has a policy of withholding exculpatory evidence from criminal defendants.  (Id. at 7.)  However, plaintiff fails to allege facts that demonstrate in any way how these purported customs or policies were the moving force behind Officer Brown's alleged wrongful arrest and use of excessive force in plaintiff's particular case.  See Harris, 489 U.S. at 389.  Nor do plaintiff's factual allegations in any way plausibly show how the training, or lack of training, allegedly provided to City of Vallejo officers amounted to a deliberate indifference to the constitutional rights of citizens in a manner that was closely related to plaintiff's alleged injury.  See id. at 391.

In short, plaintiff provides little more than conclusory allegations with regard to the City of Vallejo's customs or policies and no facts showing that those customs or policies were the moving force behind the constitutional wrongs to which he was allegedly subjected during the course of his arrest and subsequent time in custody.  Accordingly, the complaint fails to assert a cognizable claim under § 1983 against the City of Vallejo and all of plaintiff's claims against that defendant are dismissed.  However, the court dismisses plaintiff's claims against the City of Vallejo with leave to amend because the factual allegations and claims asserted in the current complaint demonstrate that it may be possible for plaintiff to amend his pleading to allege cognizable causes of action against that defendant.

F.      Eighth Amendment Claims.

As an initial matter, a claim for unlawful arrest, unreasonable search and seizure, or use of excessive force falls under the Fourth Amendment, not the Eighth Amendment.  See Cty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).  Accordingly, to the extent plaintiff premises his Eighth Amendment claims against defendants based on his arrest and pretrial detention, such claims are not cognizable as a matter of law.

Plaintiff also alleges in his complaint that he posted bail that was "excessive" under the circumstances in violation of the Eighth Amendment.  (ECF No. 1 at 4, 6.)  The Eighth

9

1   Amendment provides that "[e]xcessive bail shall not be required."  Plaintiff's mere allegation that

2   the bail he posted was "excessive" in no way indicates the amount of bail he was required to post,

3   nor does it provide any factual details that could plausibly indicate that his bail was in fact

4   excessive.  Such an allegation, standing alone, is insufficient to give rise to a cognizable Eighth

5   Amendment claim for excessive bail under 42 U.S.C. § 1983.  See Iqbal, 556 U.S. at 678.

6   Accordingly, plaintiff's Eighth Amendment claims against defendants are dismissed, but with

7   leave to amend insofar as they are premised on that Amendment's "excessive bail" clause

8   because plaintiff could conceivably amend his complaint to allege facts that would properly

9   support such a claim.

10          G.          Fourteenth Amendment Claims

11          With regard to plaintiff's Fourteenth Amendment claims, the complaint does not provide a

12   clear statement regarding which provision or provisions of that Amendment provide the basis for

13   his claims.  Nevertheless, when the allegations of the complaint are liberally construed, it appears

14   that plaintiff bases his 42 U.S.C. § 1983 claims premised on Fourteenth Amendment violations on

15   that Amendment's Due Process Clause and Equal Protection Clause.  In particular, plaintiff

16   appears to allege that defendants violated his due process and equal protection rights by

17   exercising excessive force during his arrest.  (ECF No. 1 at 6.)  Plaintiff also appears to allege that

18   defendants violated his right to due process by improperly withholding exculpatory evidence.

19   (Id.)  Finally, plaintiff alleges that the City of Vallejo violated his Fourteenth Amendment right to

20   due process by continuing to withhold the personal property it seized during his arrest after

21   plaintiff had been released from custody, all charges against him had been dismissed, and a court

22   order had been issued directing the City to return that property to plaintiff.  (Id. at 4.)

23          Insofar as plaintiff alleges that he was subject to excessive force during his arrest, the

24   Fourth Amendment provides the basis for such a claim, not the Fourteenth Amendment.  See

25   Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010) (quoting Graham v. Connor, 490 U.S. 386,

26   394 (1989)) ("The Fourth Amendment's prohibition against unreasonable seizures of the person

27   applies to excessive-force claims that 'arise[ ] in the context of an arrest or investigatory stop of a

28   free citizen.'").  While courts have applied the Fourteenth Amendment to protect against the use

1   of excessive force with regard to pretrial detainees, the allegations of the complaint here in no

2   way demonstrate that plaintiff was subject to such force during his pretrial detention, after his

3   arrest but prior to his release on bail.  See Aldini, 609 F.3d at 864.  Indeed, plaintiff's excessive

4   force claim appears to be based entirely on the police conduct to which he was allegedly

5   subjected during his arrest.  Accordingly, the complaint fails to allege a cognizable Fourteenth

6   Amendment due process claim to the extent it premised on defendants' use of excessive force.

7          Similarly, plaintiff fails to allege facts sufficient to sustain a cognizable Fourteenth

8   Amendment due process claim based on the alleged withholding of exculpatory evidence.  The

9   Ninth Circuit Court of Appeals has recently held that a Fourteenth Amendment due process claim

10   under § 1983 may be premised on a police officer's willful failure to disclose exculpatory

11   evidence even when all criminal charges against the defendant are eventually dropped by the

12   prosecution and no criminal trial is held.  Tatum v. Moody, 768 F.3d 806 (9th Cir. 2014).

13   However, a due process violation may be found under such circumstances only where the

14   detention to which the criminal defendant had been subjected was "of (1) unusual length, (2)

15   caused by the investigating officers' failure to disclose highly significant exculpatory evidence to

16   prosecutors, and (3) due to conduct that is culpable in that the officers understood the risks to the

17   plaintiff's rights from withholding the information or were completely indifferent to those risks."

18   Id. at 819-20.  Here, plaintiff alleges that defendants withheld exculpatory evidence and that all

19   charges against him were dropped prior to trial.  However, plaintiff's allegations show that

20   evidence was withheld only from plaintiff's criminal defense counsel, not the prosecutor, which is

21   necessary to state a cognizable claim under Moody.  Id.  Furthermore, plaintiff alleges no facts

22   plausibly suggesting that plaintiff's detention was of "unusual length" or that the exculpatory

23   evidence withheld by defendants was "highly significant."  Id.  Accordingly, the complaint fails

24   to state a cognizable Fourteenth Amendment claim based on the withholding of exculpatory

25   evidence under the circumstances alleged therein.

26          Finally, the complaint fails to allege facts sufficient to support a cognizable claim under

27   the Fourteenth Amendment's Due Process Clause against the City of Vallejo based on plaintiff's

28   allegation that that defendant continued to withhold plaintiff's personal property seized during his

1  arrest even after all criminal charges against him had been dismissed.  The Fourteenth

2  Amendment provides that no State shall "deprive any person of life, liberty, or property, without

3  due process of law."  U.S. Const. amend. XIV, § 1.  "Any significant taking of property by the

4  State is within the purview of the Due Process Clause."  Fuentes v. Shevin, 407 U.S. 67, 86

5  (1972).  "Application of this prohibition requires the familiar two-stage analysis:  We must first

6  ask whether the asserted individual interests are encompassed within the Fourteenth

7  Amendment's protection of 'life, liberty or property'; if protected interests are implicated, we

8  then must decide what procedures constitute 'due process of law.'"  Ingraham v. Wright, 430 U.S.

9  651, 672 (1977).

10      Here, plaintiff's allegation that the property that the City withheld is his personal property

11  satisfies the first prong of the due process analysis.  See Lavan v. City of Los Angeles, 693 F.3d

12  1022, 1032 (9th Cir. 2012).  Furthermore, plaintiff's allegation that the City of Vallejo continued

13  to withhold his property despite the fact that all criminal charges against plaintiff had been

14  dismissed and a court order had been issued directing the return of that property to plaintiff

15  suggests that his property has been withheld in violation of his due process rights.  However,

16  plaintiff appears to assert this claim only against the City of Vallejo and does not allege that the

17  withholding of his property is due to a custom or policy of that municipal body.  Accordingly, the

18  complaint fails to allege facts sufficient to sustain a claim against that defendant under Monell.

19  436 U.S. at 691-94.

20      While the complaint fails to state a cognizable Fourteenth Amendment claim, plaintiff's

21  allegations that appear to form the basis of his Fourteenth Amendment claims do indicate that

22  plaintiff may be able to allege facts sufficient to state a cognizable § 1983 based on that

23  Amendment if given leave to amend.  Accordingly, plaintiff's Fourteenth Amendment claims are

24  dismissed, but with leave to amend.

25  IV.    Plaintiff's Motion for Leave to File Electronically

26      Also before the court is plaintiff's motion for leave to file electronically in this action.

27  (ECF No. 4.)  Under Local Rule 133(b)(2) "[a]ny person appearing pro se may not utilize

28  electronic filing except with the permission of the assigned Judge or Magistrate Judge."  Pursuant

1    Local Rule 133(b)(3), a pro se party may request the court to permit that party to utilize electronic

2    filing. However, "[r]equests to use paper or electronic filing as exceptions from these Rules shall

3    be submitted as stipulations as provided in [Local Rule] 143 or, if a stipulation cannot be had, as

4    written motions setting out an explanation of reasons for the exception." E.D. Cal. Local Rule

5    133(b)(3).

6         Here, plaintiff's motion consists only of a signed copy of a form granting pro se litigants

7    access to this court's electronic filing system, which permits such access "if, and only if, the

8    Court has already granted [the pro se litigant] permission to electronically file in [this] case."

9    (ECF No. 1 at 1.) As plaintiff is seeking such permission from the court through his motion, it is

10   clear that the court has not yet permitted plaintiff to make electronic filings in this action.

11   Moreover, plaintiff in no way shows that he has first sought to obtain a stipulation from

12   defendants to permit him to file electronically, or that a stipulation cannot be had, as is required

13   under the Local Rules. Indeed, the fact that plaintiff filed his motion alongside his initial

14   complaint indicates that plaintiff made no attempt to seek a stipulation from defendants to allow

15   him to make electronic filings in this action before he filed his motion. Accordingly, plaintiff's

16   motion for leave to file electronically is denied, but without prejudice to a renewed motion that

17   demonstrates that plaintiff has complied with the Local Rules set forth above.

18   V.    Conclusion

19        For the reasons discussed above, plaintiffs' complaint, as it is currently constructed,

20   asserts only a single potentially cognizable claim against a single defendant, namely a 42 U.S.C.

21   § 1983 claim against Officer Brown based on that defendant's alleged violation of plaintiff's

22   Fourth Amendment rights. The allegations of the complaint fail to state a cognizable claim

23   against any other defendants currently named in this action. They also fail to state cognizable

24   claims against Officer Brown based on the Eighth and Fourteenth Amendments. Nevertheless,

25   with the exception of plaintiff's claims against Chief Kreins and Chief Bidou, the allegations of

26   the current complaint indicate that plaintiff may be able to overcome the deficiencies outlined

27   above if given the opportunity to amend his pleading. Accordingly, the court grants plaintiff

28   leave to file an amended complaint to the extent outlined above.

13

1    Plaintiff is cautioned that if he elects to file an amended complaint, he must clearly

2    articulate which of his claims are asserted against each remaining defendant and provide factual

3    allegations with regard to each claim and each defendant that address the deficiencies outlined

4    above.  More importantly, plaintiff must have a good faith basis for making such allegations.  See

5    Fed. R. Civ. P. 11(b).  If after reviewing this order, plaintiff determines that he cannot in good

6    faith allege facts that would address the deficiencies with respect to a particular claim or

7    particular defendant, then he may wish to omit such a claim from his amended complaint, or

8    voluntarily dismiss such a defendant from this action, as failure to make allegations on a good

9    faith basis may be grounds for the imposition of sanctions pursuant to Rule 11 of the Federal

10   Rules of Civil Procedure.  See Fed. R. Civ. P. 11(c).  If plaintiff decides to file an amended

11   complaint, it shall be captioned "First Amended Complaint" and shall not exceed 25 pages,

12   including attachments.  Plaintiff shall file his amended complaint within 25 days of the date of

13   this order.

14   Plaintiff is informed that the court cannot refer to the original complaint, briefs, exhibits,

15   or other filings to make his amended complaint complete.  Local Rule 220 requires that an

16   amended complaint be complete in itself without reference to any prior pleading.  Thus, once an

17   amended complaint is filed, it supersedes the original complaint, which no longer serves any

18   function in the case.

19   Plaintiff is further informed that he is not required to file an amended complaint.  If

20   plaintiff desires to proceed in this action on his original complaint and assert only a Fourth

21   Amendment claim against Officer Brown, then he may do so by filing a statement that he wishes

22   to proceed in such a fashion in lieu of filing an amended complaint.  Furthermore, if plaintiff

23   determines that he does not wish to pursue this action at this juncture, he may instead file a

24   request for voluntary dismissal of this entire action without prejudice pursuant to Federal Rule of

25   Civil Procedure 41(a)(1)(A)(i).

26   ////

27   ////

28   ////

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendants' motion to dismiss the complaint (ECF No. 6) is GRANTED in part:

      a.      Defendants' motion is denied to the extent is seeks to dismiss plaintiff's Fourth Amendment claim against defendant Jodi Brown.

      b.      Defendants' motion is granted with regard to all other claims asserted in the complaint.

      c.       Plaintiff is granted leave to amend his complaint with regard to his dismissed claims against the City of Vallejo, Jodi Brown, Jeff Tai, and Herman Robinson.

2.      Within 30 days of the date of this order, plaintiff shall file either an amended complaint, a statement that he desires to proceed on his original complaint to the extent it asserts a Fourth Amendment claim against defendant Jodi Brown, or a request for voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3.      Plaintiff's motion for leave to file electronically (ECF No. 4) is DENIED.

Furthermore, IT IS HEREBY RECOMMENDED that defendants Joseph Kreins and Andrew Bidou be dismissed from this action without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  February 17, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15