CLAUDIA M. QUINTANA
City Attorney, SBN 178613
BY:  KELLY J. TRUJILLO
Assistant City Attorney, SBN 244286
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
Email: kelly.trujillo@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO,
OFFICER JODI BROWN, OFFICER JEFF TAI,
OFFICER HERMAN ROBINSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| DAVID P. DEMAREST,<br><br>  Plaintiff,<br><br>vs.<br><br>THE CITY OF VALLEJO CALIFORNIA, OFFICER JODI BROWN, OFFICER JEFF TAI, OFFICER HERMAN ROBINSON, POLICE CHIEF ANDREW BIDOU, et al.,<br><br>  Defendants. | Case No: 2:16-cv-02271 GEB KJN PS<br><br>**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [F.R.C.P. 12(b)(6)] BY CITY DEFENDANTS**<br><br>DATE:       May 25, 2017<br>TIME:        10:00 a.m.<br>CTRM:       25, 8th Floor<br>**Magistrate Judge Kendall J. Newman** |

   Defendants City of Vallejo, Jodi Brown, Jeff Tai and Herman Robinson (collectively "City Defendants"), hereby move the court for an order dismissing with prejudice plaintiff's Fourteenth Amendment claims (Second, Fourth, Sixth and Tenth Causes of Action).  Defendants Tai and Robinson further move the court for an order dismissing with prejudice plaintiff's Fourth Amendment claims (Third and Fifth Cause of Action) against these particular defendants.

## I. INTRODUCTION

On February 17, 2017, the court granted defendants' Motion to Dismiss plaintiff's complaint, dismissing all of plaintiff's claims except for his Fourth Amendment claim against defendant Jodi Brown. (Docket No. 12, pg. 15). The court granted plaintiff leave to amend with regard to his dismissed claims against the City of Vallejo, Jodi Brown, Jeff Tai and Herman Robinson.[1] In its order, the court provided plaintiff guidance as to the legal theories plaintiff tried to assert, so that any amended complaint could comply with those theories. In spite of this guidance, plaintiff's First Amended Complaint is still deficient as to his Fourteenth Amendment claims against all defendants and all claims against Tai and Robinson.

As a result, the City Defendants ask the court to dismiss the Fourteenth Amendment claims against all defendants and all remaining claims against Officers Tai and Robinson with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff alleges that he drove into a Vallejo Police Department "DUI/Driver's License Checkpoint" on September 26, 2014. (Docket No. 13, pg. 1). Plaintiff alleges that defendant Officer Brown wanted to see his driver's license and plaintiff refused. Plaintiff alleges that he was arrested for Penal Code section 148(a)(1) by Officer Brown. *Id.* at paras. 23-42. Plaintiff further alleges that Officer Brown used excessive force when effectuating the arrest. *Id.* Plaintiff alleges that the City Defendants violated his Fourth and Fourteenth Amendment rights during the course of his arrest. However, the basis for his Fourteenth Amendment claim is legally deficient as to all defendants. As the court previously advised plaintiff, claims for excessive force and false arrest are properly analyzed under the Fourth Amendment prohibition against unreasonable searches and seizures, not the Fourteenth Amendment.

//

---

[1] The court denied leave to amend as to Chief Andrew Bidou and former Chief Joseph Kreins. (Docket No. 12, pgs. 5-6).

Plaintiff further alleges that Officer Tai was the transporting officer and that Officer Herman Robinson was a supervising officer. None of the additional facts provided by plaintiff in his First Amended Complaint establish any actionable conduct against these defendants. As a result, defendants ask the court to dismiss these claims with prejudice.

### III. ARGUMENT

#### A. PLAINTIFF'S COMPLAINT FAILS TO STATE SUFFICIENT FACTS AND IS SUBJECT TO DISMISSAL UNDER F.R.C.P. 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). In determining the adequacy of the pleading, the Court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978). However, the Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *W. Mining Council v. Watt,* 643 F.2d 618, 630 (9th Cir. 1981).

As the Supreme Court has reiterated, "the pleading standard [FRCP] Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. ... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft* v. Iqbal, 556 U.S. 662, 677-678, (2009), *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, at 555 (2007) [Internal citations omitted].

Further, "leave to amend may be denied ... if amendment of the complaint would be futile...If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

As discussed below, plaintiff's complaint fails to state facts sufficient to state each of the claims asserted.

### B. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FOURTH AMENDMENT AS TO OFFICER TAI

Plaintiff alleges that Officer Tai violated his Fourth Amendment right to be free from unreasonable seizures because he "aided and abetted the unlawful arrest of the plaintiff by transporting plaintiff back to the station for 40302(A) CVC with full knowledge that if plaintiff was indeed guilty of 40302(A) or 148a1 both charges should have been handled in a cite and release manner since plaintiff's identity was known to Officer Tai at the time of transport." (Docket No. 13, paras. 48-51). By this statement, plaintiff admits that Officer Tai was not involved in the actual arrest of plaintiff and Officer Tai served only as a transport officer. These facts, even if true, do not constitute a Fourth Amendment violation. To be sure, "if plaintiff was indeed guilty of 40302A and 148a1" the officers had the authority to arrest the plaintiff without running afoul of the Fourth Amendment. This issue arose and was decided by the United States Supreme Court in *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001).

In *Atwater,* a Texas police officer arrested a woman who was not wearing a seatbelt and whose children were not wearing seatbelts. The seatbelt violation was punishable by a fine at most. The woman challenged the arrest, arguing that it was a violation of the Fourth Amendment to arrest her without a warrant for such a minor traffic infraction. *Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001). The Supreme Court disagreed and held as follows:

//

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Id.* at 354.

In other words, and contrary to plaintiff's allegation Officer Tai has no liability for merely transporting the plaintiff after his arrest by Officer Brown "if plaintiff was indeed guilty of 40302A and 148a1."  For this reason, plaintiff's Fourth Amendment claim against Officer Tai fails.

### C. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FOURTH AMENDMENT AS TO OFFICER ROBINSON

Plaintiff alleges that Officer Robinson violated his Fourth Amendment rights because "he may have either suggested adding the additional charge of 148a1 or at the very least aided and abetted Officer Jodi Brown's unlawful arrest for 40302A by approving that additional charge despite being fully aware of the unlawful nature of Jodi Brown's choice to arrest plaintiff..." (Docket No. 13, para. 54-55).  Again, plaintiff alleges that Officer Brown unlawfully arrested him; not any other officer.  Plaintiff alleges that Officer Robinson "aided and abetted" Officer Brown by adding, suggesting or approving "charges" against him.  However, the police officers do not make charging decisions; that is the role of the Solano County District Attorney.  *Davis v. Mun. Court*, 46 Cal. 3d 64, 77 (1988) (District Attorney has broad discretion to either prosecute or to decline to prosecute an individual when there is a probable cause to believe he has committed a crime).  As such, plaintiff's Fourth Amendment Claim against Officer Robinson fails.

### D. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AGAINST ANY DEFENDANT

Plaintiff again brings Fourteenth Amendment claims against Officers Brown, Tai and Robinson and the City of Vallejo.  The court's order on the Motion to Dismiss described each of the three clauses of the Fourteenth Amendment that could form the basis for liability and provided the legal standard for each. (Docket No. 12, pgs. 10-12)  It appears plaintiff did not heed the court's guidance.

*Officer Brown*

As to Officer Brown, plaintiff alleges that she violated plaintiff's Fourteenth Amendment rights by not making video or audio evidence available in his criminal discovery process. (Docket No. 13, paras. 43-47). Notably, plaintiff does not allege that audio or video evidence *existed and was withheld from the prosecution*. Plaintiff merely argues that there was a "prevalence of officers with body cameras, including [Officer Brown], and multiple police cars capable of recording video and audio of the events surrounding arrest." *Id.* at para. 43. Plaintiff has not and cannot establish that Officer Brown "failed to disclose highly significant exculpatory evidence to prosecutors", as there is no allegation that such evidence even existed. *Tatum v. Moody*, 768 F.3d 806, 819-820 (9th Cir. 2014). This allegation is required as a matter of law to make a cognizable Fourteenth Amendment claim related to the withholding of evidence. *Id.*

Plaintiff further alleges Officer Brown violated his Fourteenth Amendment rights by "charging" plaintiff with felony possession of a concealed dirk or dagger. (Docket No. 13, paras. 46-47). As stated above, the Solano County District Attorney makes charging decisions, not the officers. Furthermore, plaintiff admits that "plaintiff was never arraigned for any felony charge given the surrounding circumstances of which the DA was aware." *Id.* at para. 47(C)(2). In other words, plaintiff appears to take issue with Officer Brown's decision to arrest him and whether there was probable cause to do so. This type of false arrest claim is properly analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *See e.g. Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense [like not wearing a seatbelt] in his presence, he may, without violating the Fourth Amendment, arrest the offender.")

*Officer Tai and Officer Robinson*

Plaintiff's Fourteenth Amendment claims against Officer Tai and Robinson suffer similar defects. Plaintiff alleges that Officer Tai did not "stand up for" plaintiff by not "influenc[ing]" the decision to handle the contact between plaintiff and Officer Brown as

a short detention or "cite and release." (Docket No. 13, para. 52). However, plaintiff repeatedly alleges that it was Officer Brown who made contact with the plaintiff and who ultimately made the decision to arrest plaintiff, not Officer Tai. (Docket No. 13, paras. 23-30, 36-37, 40).

Plaintiff also alleges a violation of the Fourteenth Amendment in "Jeff Tai's involvement in the impounding of plaintiff's lawfully operated vehicle outlined in claim 41 above." *Id.* at para. 52. However, paragraph 41 does not specify any conduct by Officer Tai. From plaintiff's allegations it appears that Officer Tai was merely the transporting officer and had no other contact with plaintiff. *Id.* at para. 50.

As to Officer Robinson, plaintiff's Fourteenth Amendment claim also fails to state actionable conduct. Plaintiff alleges that Officer Robinson was derelict in supervising Officer Brown and Officer Tai, which caused a Fourteenth Amendment violation. (Docket No. 13, paras. 56-63). As described above, plaintiff has not sufficiently stated a Fourteenth Amendment violation against the subordinate officers. Furthermore, Supervisor liability will not be found on a respondeat superior theory. *Schwartz v. Lassen County ex rel. Lassen County Jail*, 838 F. Supp. 2d 1045, 1055 (E.D. Cal. 2012). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-646 (9th Cir. 1989).

Here, there was no Fourteenth Amendment violation to be involved with; plaintiff essentially makes a false arrest and excessive force claim under the Fourth Amendment against Officer Brown. There are no allegations that Officer Robinson was personally involved with the decision to arrest or the force used to effectuate the arrest. There are also no allegations as to any alleged wrongful conduct by Officer Robinson that could be linked to the alleged Fourth Amendment violations. As such, plaintiff's Fourteenth Amendment claim fails as to the Officer Robinson.

Case No. 2:16-cv-02271 GEB KJN PS     MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT COMPLAINT [F.R.C.P. 12(b)(6)] BY CITY DEFENDANTS

-7-

*City of Vallejo*

Plaintiff alleges two different *Monell* claims against the City of Vallejo. The first claim relates to violations of Fourth Amendment rights and the second claim relates to violations of Fourteenth Amendment rights. While the City vehemently denies both claims, the City seeks to dismiss the *Monell* claim based on Fourteenth Amendment because the facts alleged are legally deficient to state a claim for relief.

The facts within the "Tenth Cause of Action" are not facts at all; but rather rantings about the alleged inadequacies of Vallejo Police compared to Napa Valley police, or those police departments that "patrol a predominantly affluent white population in California" (Docket No. 13, paras. 101-104). Furthermore, plaintiff alleges violations of Fourth Amendment rights in the form of illegal search and seizures, arrests and excessive force, all of which are pled by plaintiff in his "Ninth Cause of Action" for his *Monell* claim related to Fourth Amendment violations.

As such, the Tenth Cause of Action for "*Monell* Claim against City of Vallejo for Violation of Fourteenth Amendment Rights" fails as a matter of law.

E. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AGAINST THE CITY ARE IMPROPER AND NOT RECOVERABLE AS A MATTER OF LAW

Plaintiff Demarest again seeks punitive damages against the City of Vallejo in the sum of two million dollars payable to ten non-profits organizations of plaintiff's choosing. (Docket No. 13, para. 136). Punitive damages are not available against municipalities in section 1983 actions as a matter of law. *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

For this reason, the City Defendants ask the court to dismiss plaintiff's claim for punitive damages with prejudice.

//
//
//

## IV. CONCLUSION

Based on all of the above, and the fact that plaintiff has already been given an opportunity for leave to amend, the City Defendants ask the court to dismiss plaintiff's complaint without leave to amend.

DATED: March 23, 2017

Respectfully submitted,

*/s/ Kelly J. Trujillo*
KELLY J. TRUJILLO
Assistant City Attorney
Attorneys for Defendants, CITY OF VALLEJO, OFFICER JODI BROWN, OFFICER JEFF TAI, OFFICER HERMAN ROBINSON