UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. DEMAREST, | No. 2:16-cv-2271-GEB-KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF VALLEJO, et al. | |
| Defendants. | |

Presently before the court is defendants' motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) Plaintiff filed an opposition and defendants filed a reply. (ECF Nos. 18, 23.) On June 26, 2017, the court took this matter under submission on the briefs without oral argument pursuant to Local Rule 230(g). (ECF No. 24.) Upon consideration of the parties' written briefing, the court's record, and applicable law, the court finds as follows:

I.  BACKGROUND

Plaintiff David P. Demarest, who is proceeding without counsel, filed this action on September 23, 2016. (ECF No. 1.) Subsequently, on November 28, 2016, defendants filed a motion to dismiss plaintiff's original complaint. (ECF No. 6.) After briefing, this court granted defendants' first motion to dismiss with leave to amend. (ECF No. 12.) Citing Federal Rule of Civil Procedure 11(b), the court cautioned plaintiff:

1

that if he elects to file an amended complaint, he must clearly articulate which of his claims are asserted against each remaining defendant and provide factual allegations with regard to each claim and each defendant that address the deficiencies outlined above. More importantly, plaintiff must have a good faith basis for making such allegations.

(ECF No. 12 at 14.)

II. FIRST AMENDED COMPLAINT

Plaintiff filed his first amended complaint on March 9, 2017, bringing ten causes of action. (ECF No. 13.) Pursuant to 42 U.S.C. § 1983, plaintiff alleges that City of Vallejo police officers violated his Fourth and Fourteenth Amendment rights when: Officer Jodi Brown used excessive force against plaintiff when she arrested him on September 26, 2014, and later withheld exculpatory evidence (Id. at 4–6); Officer Jeffrey Tai transported plaintiff back to the police station and failed to "stand up" for plaintiff's rights (Id. at 7); Officer Herman Robinson may have suggested or approved that plaintiff be charged with an additional crime and failed to "stand up" for plaintiff's rights (Id. at 7–8); and two unnamed City of Vallejo police officers pointed Taser guns at plaintiff during the arrest. (Id. at 8–9.) Additionally, plaintiff asserts Monell claims against the City of Vallejo, alleging that the city has "a clear custom, policy and/or repeated practice of poor policing . . . condoning and . . . encouraging militant policing activities" that caused the violations of plaintiff's Fourth and Fourteenth Amendment rights. (Id. at 9–16); see Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Plaintiff also seeks $2,000,000 in punitive damages from the City of Vallejo. (ECF No. 13 at 20.)

III. LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

////

IV.     DISCUSSION

The City of Vallejo along with Officers Brown, Tai, and Robison ("defendants") seek to dismiss plaintiff's second, third, fourth, fifth, sixth, and tenth causes of action, as well as plaintiff's request for punitive damages.[1] (See ECF No. 16.) For the reasons below, the undersigned recommends that defendants' motion to dismiss be GRANTED; plaintiff's second, third, fourth, fifth, sixth, and tenth causes of action be DISMISSED without leave to amend; plaintiff's seventh and eighth causes of action be DISMISSED with leave to amend after discovery, and plaintiff's request for punitive damages from the City of Vallejo be STRICKEN.

### A.     Plaintiff's Fourth Amendment Claims[2]

Plaintiff alleges that multiple City of Vallejo police officers violated his Fourth Amendment rights during and after his September 26, 2014 arrest. (ECF No. 13 at 7–9.) "[T]he Fourth Amendment . . . guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394 (U.S. 1989). The Fourth Amendment protects against excessive force during an arrest or investigatory stop. Id. "[O]fficers may use only such force as is 'objectively reasonable' under the circumstances." Ames v. King Cty., 846 F.3d 340, 348 (9th Cir. 2017) (citing Graham, 490 U.S. at 397).

#### 1.     Third and Fifth Causes of Action

In his third cause of action, plaintiff alleges that Officer Tai violated his Fourth Amendment rights when the officer "aided and abetted the unlawful arrest of the plaintiff by transporting plaintiff" to the police station. (ECF No. 13 at 7.) However, plaintiff fails to provide factual allegations that Officer Tai was involved in the arrest, beyond transporting him.

---

[1] Defendants do not seek to dismiss plaintiff's first, seventh, eighth, or ninth causes of action. (See ECF No 16; ECF No. 23.) In his first cause of action, plaintiff alleges that Officer Brown unreasonably detained him and applied excessive force when she pulled him from his vehicle and arrested him. (ECF No. 13 at 4–5.) In his ninth cause of action, plaintiff brings Monell claims related to the alleged violations of his Fourth Amendment rights that were allegedly caused by the city's failure to properly train officers and the city's practice of conducting illegal check points. (ECF No. 13 at 9.) Plaintiff's seventh and eighth cases of action are discussed in detail below.

[2] For organizational purposes, the undersigned does not consider plaintiff's claims in the exact order they are presented.

Additionally, plaintiff does not allege that Officer Tai used excessive force against him, or otherwise abused him.  Moreover, the Supreme Court has held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).  It follows, therefore, that Officer Tai's alleged actions—transporting plaintiff to the police station after plaintiff was arrested for allegedly committing a minor criminal offense in the presence of another police officer—were objectively reasonable on their face and did not violate plaintiff's Fourth Amendment rights.

In his fifth cause of action, plaintiff alleges that Officer Robinson violated his Fourth Amendment rights because the officer "may have suggested" an additional criminal charge against him or "at the very least [Officer Robinson] aided and abetted Officer Jodi Brown's unlawful arrest . . . by approving that additional charge." (ECF No. 13 at 7.)  First, plaintiff's claims against Officer Robinson do not constitute factual allegations because they are equivocations about what the officer "may have" done, rather than assertions of what he actually did. (Id.)  Second, even assuming that Officer Robinson suggested or approved "adding the additional charge," plaintiff has failed to state a plausible claim for unreasonable seizure, because plaintiff was already arrested at the time Officer Robinson "may have" approved an additional charge. (Id.)  Furthermore, as defendants point out, the district attorney's office—not the police—decides whether or not to charge a person after he or she is arrested. (ECF No. 16 at 5.)

Therefore, because plaintiff has failed to state cognizable claims in his third and fifth causes of action, each should be dismissed.  See Iqbal, 556 U.S. at 678.

        2.      Seventh and Eighth Causes of Action

Plaintiff also alleges that Officers Doe 1 and Doe 2 violated his Fourth Amendment rights when each pointed Taser guns at him, "aiding and abetting Officer Jodi Brown's unlawful arrest ... with an unreasonable and entirely unnecessary use of potentially lethal force." (ECF No. 13 at 8–9.)  Plaintiff claims that "a Taser in the hands of [Vallejo Police Department] officers is a very real and deadly threat of death or serious bodily injury." (Id.)  Defendants have not moved to dismiss the plaintiff's seventh and eighth causes of action.

5

However, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, plaintiff filed his original complaint on September 23, 2016, and his first amended complaint on March 9, 2017. (ECF Nos. 1, 13.) Furthermore, the alleged events underlying this matter took place on September 26, 2014. (ECF No. 13 at 1.) Yet, to date, plaintiff has failed to name and serve Officers Doe 1 and Doe 2. He has also not provided good cause to indicate why these officers remain unknown, nearly three years after the alleged events.

Additionally, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

In this litigation, Officers Doe 1 and Doe 2 are similarly situated to Officers Tai and Robinson. Plaintiff maintains that all of these officers aided and abetted Officer Brown's allegedly illegal arrest. (See ECF No. 13 at 7–9.) What is more, the court is highly skeptical that plaintiff can possibly win relief against Officers Doe 1 and Doe 2 because plaintiff alleges that these officers merely pointed Taser guns at him, threatening, but not using force. (Id. at 8–9.)

Therefore, the undersigned finds that the court should exercise its sua sponte dismissal power for plaintiff's seventh and eighth causes of action against Officers Doe 1 and Doe 2. See Columbia Steel, 44 F.3d at 802. However, since this matter will proceed on plaintiff's first and

ninth causes of action, if the plaintiff learns of these officers' identities during discovery, he should be granted leave to amend his complaint to add these officers at that time, subject to the limitations of Federal Rule of Civil Procedure 11.

B. <u>Plaintiff's Fourteenth Amendment Claims</u>

Plaintiff also brings various claims under the Fourteenth Amendment. These allegations suffer from the same deficiencies the court pointed out after defendants moved to dismiss plaintiff's original complaint. (<u>See</u> ECF No. 12 at 10–12.) The first amended complaint, like plaintiff's original complaint,

> does not provide a clear statement regarding which provision or provisions of [the Fourteenth] Amendment provide the basis for his claims. Nevertheless, when the allegations of the complaint are liberally construed, it appears that plaintiff bases his 42 U.S.C. § 1983 claims premised on Fourteenth Amendment violations on that Amendment's Due Process Clause and Equal Protection Clause.

(ECF No. 12 at 10.)

In his second cause of action, plaintiff asserts that Officer Brown either deliberately avoided recording the encounter where plaintiff was arrested, or destroyed or concealed any audio and video recordings of plaintiff's arrest, thereby withholding exculpatory information in violation of the Fourteenth Amendment. (ECF No. 13 at 5–6.) Here, similar to the allegations in his original complaint, plaintiff's allegations against Officer Brown fail to state a cognizable Fourteenth Amendment claim. (<u>See</u> ECF No. 12 at 11.)

A Fourteenth Amendment due process claim under § 1983 may be premised on a police officer's willful failure to disclose exculpatory evidence even when all criminal charges against the defendant are eventually dropped by the prosecution and no criminal trial is held. <u>Tatum v. Moody</u>, 768 F.3d 806 (9th Cir. 2014). However, a due process violation may be found under such circumstances only where the detention to which the criminal defendant had been subjected was "of (1) unusual length, (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence to prosecutors, and (3) due to conduct that is culpable in that the officers understood the risks to the plaintiff's rights from withholding the information or were completely indifferent to those risks." <u>Id.</u> at 819–20. Here, plaintiff alleges that Officer Brown

withheld exculpatory evidence and that all charges against him were dropped prior to trial. (See ECF No. 13 at 6.) However, plaintiff's allegations show that evidence was withheld only from plaintiff's criminal defense counsel, not the prosecutor, which is necessary to state a cognizable claim under Moody. 768 F.3d at 819–20. Furthermore, plaintiff alleges no facts plausibly suggesting that plaintiff's detention was of "unusual length" or that the exculpatory evidence withheld by defendants was "highly significant." Id. Accordingly, the complaint fails to state a cognizable Fourteenth Amendment claim based on the withholding of allegedly exculpatory evidence under the circumstances alleged therein.

Plaintiff also alleges that Officer Brown "demonstrated malicious and deliberate abuse" when she charged him with a felony for possessing a 3-inch general utility knife, which she found on plaintiff, after he was brought into the police station. (ECF No. 13 at 6.) To the extent that plaintiff alleges that this was a violation of his due process, he has failed to state a claim because district attorneys—not police officers—make the ultimate decision whether to charge an individual with a crime.

In his fourth and sixth causes of action, respectively, plaintiff alleges that Officer Tai and Officer Robinson failed to "stand up" for the rights of plaintiff. (Id. at 7–8) The only affirmative act plaintiff alleges Officer Tai performed was to transport plaintiff to the police station after his arrest, which, as explained, was objectively reasonable. Otherwise failing to "stand up" for plaintiff is not a cognizable claim under the Fourteenth Amendment because due process does not require police officers to "stand up" for an arrestee and take his side during or after an arrest, based on the arrestee's disagreement with the situation.

Similarly, plaintiff alleges that Officer Robinson did not "stand up" for his rights by mocking him and failing to supervise Officer Brown. These allegations also fail to state a claim under the Fourteenth Amendment. First, while mocking someone may be inappropriate, plaintiff cites to no legal authority to support his allegation that the alleged mocking by Officer Robinson constitutes a due process violation.

Second, and more importantly, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642,

645–46 (9th Cir. 1989). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Here, plaintiff alleges that "Officer Robinson violated plaintiff's 14th amendment rights to due process when he made the decision to not stand up for the rights of a citizen he knew had been unlawfully arrested." (ECF No. 13 at 8.) Plaintiff does not allege that Officer Robinson directed Officer Brown to conduct the arrest, or that Officer Robinson was involved in the arrest itself. Therefore, plaintiff's allegations fail to state a claim related to Officer Robinson's liability as a supervisor, because he has not alleged that Officer Robinson was actively involved in or caused plaintiff's arrest.

Thus, because plaintiff has failed to state any plausible or cognizable claim in his second, fourth, and sixth causes of action, each should be dismissed. See Iqbal, 556 U.S. at 678.

  C. Plaintiff's Monell Claims

Under Monell, a plaintiff must demonstrate that a local government enacted a "clear official policy" which results in civil rights deprivations in order to assert a claim against said local government under 42 U.S.C. § 1983. Monell, 436 U.S. at 658 (1978). In his tenth cause of action, plaintiff brings a Monell claim ostensibly under the Fourteenth Amendment. (ECF No. 13 at 15.) This claim is deficient for two reasons. First, a Monell claim cannot survive unless there is an underlying constitutional violation. See Monell 436 U.S. at 690. As explained above, plaintiff has failed to state any plausible claim under the Fourteenth Amendment against an individual defendant. Therefore, he cannot state a Monell claim based upon the Fourteenth Amendment. Second, in his tenth cause of action, plaintiff also maintains that the city's policies and customs caused excessive force and unlawful arrests. (ECF No. 13 at 15.) However, such claims are properly categorized as alleged violations of the Fourth, and not the Fourteenth, Amendment. See Graham, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.") Therefore, claiming that certain policies lead to excessive force and unlawful arrests does not state a Monell claim based upon the

Fourteenth Amendment.[3]

D. Plaintiff's Request for Punitive Damages

In his prayer for relief, plaintiff seeks $2,000,000 in punitive damages from the City of Vallejo. (ECF No. 13 at 20.) However, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Therefore, plaintiff may not seek punitive damages from the City of Vallejo, which is a municipality, in this § 1983 action.

E. Leave to Amend

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile . . . [or if] the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), amended, 856 F.2d 111 (9th Cir. 1988) (internal citations omitted). Here, plaintiff already had an opportunity to amend his complaint. (See ECF No. 12.) Moreover, the court informed plaintiff that, in any amended complaint, he needed to "clearly articulate which of his claims are asserted against each remaining defendant and provide factual allegations with regard to each claim and each defendant that address the deficiencies outlined" by the court. (Id. at 14.) Plaintiff has failed to heed the court's instructions because, as explained, he has again failed to state plausible claims in many of his causes of action. Additionally, the court finds that plaintiff cannot cure these defective claims by pleading additional consistent facts, because any additional facts that might cure these claims would contradict what he has already pled. For these reasons, further leave to amend would be futile for plaintiff's second, third, fourth, fifth, sixth, and tenth causes of action.

V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss plaintiff's first amended complaint (ECF No. 16) be GRANTED.

---

[3] To the extent that plaintiff raises Monell claims based upon alleged violations of the Fourth Amendment, those claims survive with plaintiff's ninth cause of action.

10

2. Plaintiff's second, third, fourth, fifth, sixth, and tenth causes of action in his first amended complaint (ECF No. 13) be DISMISSED without leave to amend.

3. Plaintiff's seventh and eighth causes of action in his first amended complaint (id.) be DISMISSED with leave to amend after discovery, subject to the limitations of Federal Rule of Civil Procedure 11.

4. Plaintiff's request for punitive damages in his first amended complaint (id.) be STRICKEN.

5. Plaintiff's first amended complaint PROCEED on his first and ninth causes of action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: July 28, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE