1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **BY: KATELYN M. KNIGHT**
3  Deputy City Attorney, SBN 264573
   **CITY OF VALLEJO**, City Hall
4  555 Santa Clara Street, P.O. Box 3068
   Vallejo, CA 94590
5  Tel:   (707) 648-4545
6  Fax:   (707) 648-4687
   Email: katelyn.knight@cityofvallejo.net
7
8  Attorneys for Defendants
   CITY OF VALLEJO, OFFICER JODI BROWN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. DEMAREST,<br><br>       Plaintiff,<br><br>    vs.<br><br>THE CITY OF VALLEJO CALIFORNIA, OFFICER JODI BROWN, OFFICER JEFF TAI, OFFICER HERMAN ROBINSON, POLICE CHIEF ANDREW BIDOU, et al.,<br><br>       Defendants. | Case No: 2:16-cv-02271-MCE-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER; [~~PROPOSED ORDER~~]** |

   IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order and designated as "ATTORNEY'S EYES ONLY" as follows:

   1.   Records produced by the Sacramento Police Department in response to the Subpoena to Produce Documents Issued by Plaintiff's Counsel seeking:

//

//

---

a.  Any and all documents that comprise or are a part of Jodi Marie Brown's personnel file and employment records during her tenure as a Sacramento Police officer, including but not limited documents concerning:

   i.  The hiring and appointment of Jodi Marie Brown, including but not limited to complete documentation of any investigation into her background and fitness to be a law-enforcement officer, and any fitness for-duty evaluations pre- and post-hiring;

   ii.  Any and all complaints, including citizen complaints and any complaints or charges of misconduct, including documents reflecting the investigation, conclusion, final disposition, and any resulting discipline, retraining, or other action taken;

   iii.  Disclosure of matters pertaining to the credibility or possible impeachment of Jodi Marie Brown's testimony, including but not limited to all Brady disclosures or other information concerning Jodi Marie Brown's administrative findings of dishonesty or false reporting;

   iv.  The evaluation and promotion of Jodi Marie Brown, including performance evaluations;

   v.  Training as a law-enforcement officer;

   vi.  The termination of Jodi Marie Brown's employment.

2.  Records produced by the Richmond Police Department in response to the Subpoena to Produce Documents Issued by Plaintiff's Counsel seeking:

   a.  Any and all documents that comprise or are a part of Jodi Marie Brown's personnel file and employment records during her tenure as a Richmond Police officer, including but not limited documents concerning:

      i.  The hiring and appointment of Jodi Marie Brown, including but not limited to complete documentation of any investigation into

her background and fitness to be a law-enforcement officer, and any fitness for-duty evaluations pre- and post-hiring;

  ii. Any and all complaints, including citizen complaints and any complaints or charges of misconduct, including documents reflecting the investigation, conclusion, final disposition, and any resulting discipline, retraining, or other action taken;

  iii. Disclosure of matters pertaining to the credibility or possible impeachment of Jodi Marie Brown's testimony, including but not limited to all Brady disclosures or other information concerning Jodi Marie Brown's administrative findings of dishonesty or false reporting;

  iv. The evaluation and promotion of Jodi Marie Brown, including performance evaluations;

  v. Training as a law-enforcement officer;

  vi. The termination of Jodi Marie Brown's employment.

3. Disclosure of "ATTORNEY'S EYES ONLY" information or items: Unless otherwise ordered by the Court or permitted in writing by Defendants' counsel, "ATTORNEY'S EYES ONLY" material may only be disclosed to counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation; copy or imaging services retained by counsel to assist in the duplication of such material; or the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4. Re-Designation of "ATTORNEY'S EYES ONLY" information or material to "CONFIDENTIAL": Documents produced pursuant to this order may be re-designated as merely "CONFIDENTIAL" upon order of the Court or written permission of Defendants' counsel.

//

//

Case No. 2:16-cv-02271-MCE-KJN   STIPULATION FOR PROTECTIVE ORDER; [**PROPOSED ORDER**]

-3-

5. Disclosure of "CONFIDENTIAL" information or items: Unless otherwise ordered by the Court or permitted in writing by Defendants' counsel, "CONFIDENTIAL" material may only be disclosed to:

    a. Counsel for any party to this action;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel;

    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    e. Any "in house" expert designated by defendants to testify at trial in this matter;

    f. Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of this order;

    g. Any Neutral Evaluator or other designated ADR provider;

    h. Parties to this action; and

    i. The jury, should this matter go to trial.

6. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to the enforcement of this order. Defendant City of Vallejo and the named defendants herein shall be entitled to retain possession of the original writings described above.

Nothing in this paragraph 6 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

7. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all "CONFIDENTIAL" documents received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all such documents are returned to defendants.

8. Should a party intend to file "CONFIDENTIAL" material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (through their attorneys), in writing and filed with the court, no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141.

9. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" designations from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of CONFIDENTIAL materials beyond the terms of this order.

10. CONFIDENTIAL material disclosed may be used in the litigation of this action only, and not for any other purpose.

11. Violation of the terms of this Protective Order <u>MAY SUBJECT</u> a party to any and all permissible SANCTIONS.

DATED: August 27, 2018

                                */s/ Katelyn M. Knight*
                                KATELYN M. KNIGHT
                                Deputy City Attorney
                                Attorneys for Defendants, CITY OF
                                VALLEJO, OFFICER JODI BROWN

DATED: August 27, 2018

                                */s/ Glenn Katon* (as authorized on 08/27/2018)
                                GLENN KATON
                                Katon Law
                                Attorney for Plaintiff DAVID P. DEMAREST

**IT IS SO ORDERED,** with the following amendments and clarifications:

1. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

2. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

3. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: August 28, 2018

                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE