UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. DEMAREST,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF VALLEJO CALIFORNIA, et al.,<br><br>Defendants. | No. 2:16-cv-02271-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff David P. Demarest ("Plaintiff") filed this lawsuit seeking to recover for alleged constitutional violations. According to Plaintiff, his Fourth Amendments rights were violated by Defendants Jodi Brown ("Officer Brown") and the City of Vallejo (the "City") (collectively "Defendants") when Officer Brown arrested Plaintiff at a sobriety checkpoint after he failed to provide identification. Plaintiff asserts that Officer Brown used excessive force to effectuate that arrest, and further asserts that the practice of requesting driver's licenses at the checkpoint gave rise to an unreasonable seizure.[1] Defs.' Mot. for Summ. J. ("MSJ"), ECF No. 59 at 1:11-13. Plaintiff also asserts a Monell

---

[1] Given this Court's disproportionately high caseload, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

1

claim against the City seeking to hold it liable for the foregoing violations. First Am. Compl. ("FAC"), ECF No. 13, ¶ 9.

The parties each filed Motions for Summary Judgment that are now fully briefed and pending before the Court. For the following reasons, Plaintiff's motion is DENIED, and Defendants' Motion is GRANTED.[2]

**BACKGROUND**

Plaintiff voluntarily entered a sobriety checkpoint, but repeatedly refused to give his identification when directed to do so by Officer Brown. Stmt. Undisputed Facts ("SUF"), ECF No. 58-4, ¶¶ 2, 7. After several requests went unheeded, Officer Brown arrested Plaintiff for failing to produce his driver's license. Id. ¶ 12. To effectuate the arrest, she put Plaintiff in a control hold and purportedly pulled him with "great force" from the car. Id. ¶ 13; FAC ¶ 30. Plaintiff did not suffer any injury to his arm, but the manner of his arrest caused pain to him at the site of an already existing staph infection at the base of his spine, a pre-existing condition of which Officer Brown was unaware. SUF ¶¶ 15-17.

The City provided evidence that it intended interactions at the checkpoint to take approximately fifteen seconds unless a motorist was referred to the processing area. Id. ¶ 34. All vehicles that approached the checkpoint were stopped unless the backup exceeded five minutes, at which point the vehicles were flagged through until the backup cleared. Id. ¶ 29. Additionally, the area was coned off, traffic was slowed and directed to a single lane, portable lighting was provided, signs were in place advising of the checkpoint, and police vehicles were stationed at the checkpoint with emergency lights flashing. Id. ¶ 30.

///

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

Plaintiff filed his original complaint in this matter on September 23, 2016. Compl. at 1, ECF No. 1. Defendants brought a motion to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6), Defs.' Mot. to Dismiss, ECF No. 6. The motion was granted in part and denied in part. Order, ECF No. 12. Plaintiff then filed his FAC, and after a subsequent motion to dismiss, this matter proceeds on Plaintiff's first and ninth causes of action. Defs.' Mot. to Dismiss, ECF No. 16, Order, ECF No. 26. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658 (1978). FAC at 9.

## **STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of

1 | material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial
2 | responsibility, the burden then shifts to the opposing party to establish that a genuine
3 | issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith
4 | Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
5 | 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

///

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Plaintiff pursues two remaining causes of action: (1) a 42 U.S.C. § 1983 civil claim for deprivation of rights for alleged Fourth Amendment violations caused by Officer Brown's purported unreasonable search, unlawful arrest, and excessive force; and (2) a 42 U.S.C. § 1983 Monell claim against the City of Vallejo for the unconstitutional acts of its employee. Because Plaintiff has not identified a constitutional violation, however, all of his claims fail.

Under the Fourth Amendment, searches and seizures must be objectively reasonable. City of Indianapolis v. Edmond, 531 U.S. 32, 37 (2000) ("A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing.") A seizure of a person occurs under the Fourth Amendment when a vehicle is stopped at a checkpoint, but a sobriety checkpoint itself does not violate the Fourth Amendment. See Mich. Dep't of State Police v. Sitz, 496 U.S. 444, 455 (1990).

Given the foregoing, Plaintiff does not directly challenge the operation of the sobriety checkpoint, but argues instead that the City's practice of requiring individuals to produce a driver's license at the stop is unconstitutional because license checks do not relate to the City's checkpoint objectives. FAC ¶ 71. The Court disagrees. Although there is no case law directly on point, substantial dicta from various authorities supports the conclusion that requiring identification is permissible. See Texas v. Brown, 460 U.S.

730, 739 (1983) ("The Court of Criminal Appeals stated that it did not 'question… the validity of the officer's initial stop of appellant's vehicle as part of a license check,' and we agree.") (quoting Delaware v. Prouse, 440 U.S. 648, 654 (1979)); see also Rodriguez v. United States, 575 U.S. 348, 354-5 (2015) (the Fourth Amendment allows unrelated investigations, such as checking driver's licenses, if they do not unreasonably prolong the stop); see also Arizona v. Johnson 555 U.S. 323, 333 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop."); see also Smith v. Langford, 2015 WL 3403038 at *5 (E.D. Cal. May 26, 2015) ("Plaintiff was stopped at a sobriety checkpoint and did not produce a valid driver's license when asked." The court held that there was no constitutional violation because plaintiff violated Vehicle Code § 12500 for driving without a valid driver's license). The Court thus concludes that although the checkpoint's primary purpose is to check for driver sobriety, police officers may require drivers to present a driver's license during the stop because such a requirement does not measurably or unreasonably extend the seizure.

Given the lawfulness of the seizure and Officer Brown's request for identification, his subsequent arrest was also lawful. See California Vehicle Code § 12951(b) ("The driver of a motor vehicle shall present his or her license for examination upon demand of a peace officer enforcing the provisions of this code.") Nor did Officer Brown use excessive force in effectuating Plaintiff's arrest.

The analysis in determining excessive force involves factors such as the type and amount of force. See Miller v. Clark County, 340 F.3d 959, 964 (2003) ("[W]e assess the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type and amount of force inflicted.") (citing Chew v. Gates, 27 F.3d 1432, 1440 (1994)). The Fourth Amendment recognizes that the right to make an arrest carries with it the use of some degree of force. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature

and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (relying on Terry v. Ohio, 392 U.S., at 22-27 (1979)).

Construing the facts most favorably to Plaintiff, after he had been given several opportunities to comply with a lawful order, Officer Brown used a standard control hold to secure Plaintiff, pulling his arm with force, although not enough to cause pain in his arm or wrist. SUF ¶ 15. There is nothing unreasonable about twisting an arrestee's arm behind his back to secure him with handcuffs. This is how arrests are effectuated. Accordingly, Plaintiff's excessive force claim fails as a matter of law.[3]

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment, ECF No. 58, is GRANTED and Plaintiff's motion for summary judgment, ECF No. 59, is DENIED. The Clerk of the Court is directed to enter judgment in Defendants' favor.

IT IS SO ORDERED.

DATED: February 18, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Since the Court finds no constitutional violation, it is unnecessary to reach the derivative issues of qualified immunity or of the City's liability.